UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF LOUISIANA


**MOLLY WRIGHT SULLIVAN &**                        **CIVIL ACTION**
**JOHN SULLIVAN**
                                                   **NO. 06-1677**
**VERSUS**
                                                   **SECTION "J"(1)**
**STATE FARM AND CASUALTY CO, ET AL.**


                          ORDER AND REASONS

    Before the Court is a Motion to Remand [Doc. 6] filed on behalf of the Plaintiffs Molly Wright Sullivan and John Sullivan. The motion is opposed.  The Court heard oral argument on June 14, 2006.   For the reasons that follow, the motion to remand is granted.

**Background**

    Molly Wright Sullivan and John Sullivan (the "Sullivans") filed this action in the Civil District Court for the Parish of Orleans, State of Louisiana on February 21, 2006.  On March 31, 2006, State Farm Fire and Casualty Company ("State Farm") and Christopher J. Nolan ("Nolan"), the Defendants, removed the suit

to this Court.  The Defendants allege that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1446 and 42 U.S.C. § 4072.

In their Petition for Damages, the Plaintiffs allege that Nolan was an insurance agent for State Farm and that they originally consulted him, in September 1997, to procure insurance for their home at 5216 Danneel Street in New Orleans, Louisiana. The Sullivans carried homeowner's insurance on this property, but they were not required to carry flood insurance because the property was not in a flood zone.

On January 31, 2005, the Sullivans purchased another property located at 2600 Jefferson Avenue.  On January 27, 2005, the Sullivans called Danny Gros, an employee at Nolan's State Farm Office, to procure insurance for their new property. Because the Sullivans were not planning to live in the residence immediately, they explained that there would be no personal property or contents on the property for several months.

On January 31, 2005, the Sullivans requested that contents coverage be added to their flood policy covering the Jefferson property.  Additionally, they requested that the homeowner's insurance policy on the Danneel property be converted into a rental dwelling coverage policy.  On January 31, 2005, Nolan prepared an application for Flood Insurance on the Jefferson property with $250,000 building coverage, but with no coverage

for contents.  The Plaintiffs allege that Nolan failed to inform the Plaintiffs of the option to purchase excess flood insurance, even though their new property was valued significantly higher than the maximum coverage limits on a standard flood insurance policy.

In July 2005, Ms. Sullivan contacted the Nolan's office and informed Danny Gros that they needed their contents insurance transferred to the Jefferson property.  Ms. Sullivan also arranged for an inspection of the Danneel property to facilitate the transfer of the insurance coverage.  Nolan performed the inspection in late July or early August for the purpose of converting the Danneel insurance policy into a rental coverage policy.  On August 18, 2005, Ms. Sullivan went to Nolan's office and tendered a check for the premium to Danny Gros.  Danny Gros informed Ms. Sullivan that everything has been "taken care of."  Ms. Sullivan alleges that she relied on this comment, which led her to believe that all the insurance needs for both properties had been fully satisfied.  At no time, did Nolan, Danny Gros, or State Farm advise the Sullivans that the flood policy had not been updated to include contents coverage as they had requested.

The Sullivans allege that Nolan, acting as an agent for State Farm, and Danny Gros, as an employee of State Farm, breached their duty to use reasonable diligence to place insurance as the Sullivans had requested.  Further, Nolan failed

to deliver an endorsement to the flood policy issued by State Farm for the Jefferson property pursuant to the Sullivans' request.  As a result of Nolan's negligence and failure to procure insurance, the Sullivans sustained a loss of insurance benefits.  Additionally, the Sullivans allege that because Nolan had failed to inform and advise the Sullivans of the availability of excess insurance coverage for the Jefferson property, the Sullivans sustained a further loss of potential insurance coverage.  After Hurricane Katrina, the Sullivans submitted an insurance claim to State Farm based on flood damage to the Jefferson property.

The National Flood Insurance Program ("NFIP") provides coverage for flood losses excluded by commercially-written property insurance policies.  Homeowners purchase NFIP flood insurance directly from the Federal Emergency Management Agency ("FEMA") or, more commonly, through private insurers like State Farm, known as "Write Your Own" or "WYO" carriers.  By FEMA regulation, all policies issued under the NFIP (whether by FEMA or by a WYO company) use the terms and conditions of the Standard Flood Insurance Policy ("SFIP"), itself a federal regulation.  The participation of WYO companies in the NFIP is subject to FEMA regulations and the terms of an "Arrangement" with FEMA.

**Law and Argument**

If at any time, prior to final judgment, it appears that the

district court lacks subject matter jurisdiction, then the case must be remanded to state court.  28 U.S.C. § 1447(c).  The question in this case is whether there is federal subject matter jurisdiction due to the presence of either a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332.

## Fraudulent Joinder

First, the Plaintiffs argue that diversity jurisdiction does not exist because there is a lack of complete diversity between all of the plaintiffs and all of the defendants.  The Sullivans and Nolan are all citizens of Louisiana.  However, defendants claim that Nolan was improperly joined solely for the purpose of defeating diversity jurisdiction. Plaintiffs contend that Nolan was properly joined because there are several negligence based claims alleged against Nolan under Louisiana law.[1]

In order to prove improper joinder, Defendants must prove that there is no reasonable possibility that the Plaintiffs can establish a cause of action against the non-diverse defendant. McKee v. Kansas City Southern Ry. Co., 358 F.3d 329, 333 (5th Cir. 2004), citing to Travis v. Irby, 326 F.3d 644 (5th Cir. 2003).

The Defendants argue that the Plaintiffs cannot establish a

---

[1] The Plaintiffs are bringing a failure to procure coverage claim, a negligent misrepresentation claim and a claim for violation of a fiduciary duty against Nolan.

5

cause of action against Nolan because the Plaintiffs cite no authority for the proposition that an insurance agent owes a duty to advise the client of the option of excess coverage.  The Defendants cite to authority that an insurance agent does not have a duty to advise a client to carry higher liability limits or purchase an umbrella policy.  <u>Graves v. State Farm Mut. Auto. Ins. Co.</u>, 821 So.2d 769, 772-724 (La. Ct. App. 2002).  The Defendants also argue that the Plaintiffs do not have a claim for Nolan's failure to procure contents insurance because the Plaintiffs never stated exactly when they wanted the contents insurance to be added to their policy.  Additionally, the Defendants allege that all the coverage requested by the Plaintiffs had been placed when Gros affirmed that "everything was taken care of" because the Plaintiffs had not requested contents insurance, but only applied for it on August 18, 2005.

When considering improper joinder, any contested issue of fact and any ambiguity of state law must be resolved in the plaintiff's favor.  <u>Travis</u>, 326 F.3d at 649. Despite the Defendants' contentions, the Plaintiffs here have alleged a viable cause of action against Nolan on which there is a possibility of success in state court.

Under Louisiana law, an insurance agent has a fiduciary duty to the insured and he is liable for his intentional or negligent breach of this duty.  <u>Offshore Prod. Contractors, Inc. v.</u>

Republic Underwriters Ins. Co., 910 F.2d 224, 229 (5th Cir. 1990). In order to prevail on this cause of action, the Plaintiff must show that (1) an undertaking or agreement by the agent to procure insurance; (2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he has failed to obtain the insurance; and (3) actions by the agent warranting the client's assumption that he is properly insured. Id. (citing Karam v. St. Paul Fire & Marine Ins. Co., 281 So.2d 728, 730-731 (La. 1973). The Plaintiffs have made sufficient allegations against Nolan to satisfy each of these elements and therefore, he was not improperly joined. Thus, there is no diversity jurisdiction in this case.

**Federal Question Jurisdiction under National Flood Insurance Act**

Secondly, the Plaintiffs argue that subject matter jurisdiction does not exist because their claims do not raise a federal question. The Plaintiffs argue that the National Flood Insurance Act ("NFIA") does not expressly confer federal jurisdiction over negligence-based causes of action against insurance agents. Plaintiffs contend that while some NFIA state tort claims (i.e. claims handling) are preempted, the Fifth Circuit has held that tort-based, extra-contractual, and procurement-based claims are not preempted. Wright v. Allstate Ins. Co., 415 F.3d 384, 390 n. 3 (5th Cir. 2005) (Richmond

Printing, LLC v. Director, FEMA, 72 Fed Appx. 92, 2003 WL 21697457 (5th Cir. 2003).

On the other hand, the Defendants argue that this case deals with policy maintenance and administration, not with policy procurement, because the Plaintiffs had already purchased their building insurance coverage in January 2005 and only sought to change the existing policy to include contents coverage. The Defendants also argue that the Plaintiffs' Petition alleges the disallowance of a claim under an SFIP, which causes the entire case to fall in the exclusive and original jurisdiction of the federal courts.

The NFIA grants federal courts original exclusive jurisdiction over lawsuits against the Director of FEMA for denial of claims made by insured individuals under their SFIP. 28 U.S.C.§ 4072.[2]  In this case, however, the Sullivans allege errors and omissions by their insurance agent, Nolan, in procuring a homeowner's insurance policy and a flood insurance policy.  Because the Plaintiffs' claims do not arise from State Farm's compliance with FEMA regulations under an NFIP policy, but rather are claims that relate to the procurement of insurance and errors and omissions of an insurance agent, this case does not

---

[2]  Some Circuits have extended this Statute to apply to lawsuits against private insurers who issue SFIP's under the WYO program.

fall under this Court's federal question jurisdiction.[3]

Policy procurement, in this case, is conduct falling outside the scope of the SFIP.  Even though some federal standards and duties might apply to the state law claims, they do not implicate any substantial federal question.  See Waltrip v. Brooks Agency Inc., 417 F. Supp.2d 768, 772 (E.D. Va. 2006) (remanding the case because no substantial federal interest since the case focuses on procurement of a SFIP only and alleged wrongful conduct by an agent).

Therefore, because this Court does not have diversity jurisdiction or federal question jurisdiction, this case shall be remanded to state court.

Accordingly,

**IT IS ORDERED** that the Plaintiffs' Motion to Remand is hereby **GRANTED** and this action is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this  26th  day of July, 2006.

_____
**UNITED STATES DISTRICT JUDGE
CARL J. BARBIER**

---

[3] See Landry v. State Farm Fire & Casualty Co., et al, 428 F. Supp. 2d 531, 532 (E.D. La. 4/25/06).